## No. 13,006.

## LOUIS KOHLMAN ET ALS. VS. JOSEPH GLAUDI.

### SYLLABUS.

1. Adjudications of property to the State based upon assessments and proceedings in the name of a dead man are void.

2. An adjudication of property to a tax purchaser, under Act 82 of 1884, predicated upon prior adjudications to the State, or upon assessments, in the name of a dead man, is void.

3. A tax purchaser, under Act 82 of 1884, who fails to pay the taxes due upon the property for 1880, and subsequent years, assumed by him, acquires no title.

4. An adjudication of property to a tax purchaser, under Act 80 of 1888, predicated upon prior adjudications, assessments, or proceedings, in the name of a dead man, and without the notice to the owner required by Article 210 of the Constitution of 1879, is void.

5. A purchaser of property acquiring from one who acquired and held in bad faith, does not add the time of his author's possession to his own, for the purposes of prescription.

6. The prescription of three years, under Act No. 105 of 1874, does not apply to cases in which there appear radical defects of title such as those indicated above.

A PPEAL from the Civil District Court, Parish of Orleans—*King, J.*

*Arthur J. Peters, Vincent Foulon* and *Charles H. Osterberger* for Plaintiffs, Appellees.

*Albert Voorhies* for Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J. This is a petitory action, brought by the heirs of John Kohlman and Regina Yaeger for the recovery of certain improved property on St. Ferdinand street in New Orleans. Defendant filed exceptions, of "no cause of action", "vagueness" and "prescription", which were referred to the merits; and answered, setting up title and possession for "a number of years". There was judgment for plaintiffs and defendant has appealed. It appears from the evidence that five of the plaintiffs are the children of John Kohlman and Regina Yaeger, his wife, both deceased; that the other plaintiff is the only surviving child of Regina Yaeger by a second marriage, and that the property in controversy was acquired, by purchase, by said John Kohlman, during the existence of the community between himself and said Regina Yaeger, to-wit, May 12, 1855; that said John Kohlman died March 28th, 1860, and that Regina Yaeger died April 21st, 1875; that neither of them had previously alienated said property, and that it was assessed in the name of John Kohlman from 1872 to 1886, inclusive, with the exception of the year 1881, when it was assessed in the name of Henry Kohlman. It further appears that, upon June 26th, 1886, said property was offered for sale by the State, under Act 82 of 1884, for taxes of 1873, 1875, 1877 and 1878, "assessed in the name of John Kohlman", and was adjudicated to Jacob Hoth, Joseph Schemel, and J. Stumpf for the sum of fifty-three dollars, cash, and their assumption of, and promise to pay, the taxes of 1880, and subsequent years. A deed was made by the collector, pursuant to this adjudication, July 13, 1886, which contains the further recital, "of which property John Kohlman is the present owner." Following this, upon July 23, 1886, the adjudicatees presented a petition, with the deed annexed, to the Civil District Court, alleging that the property had been advertised as the property of John Kohl-

man and sold to them for taxes assessed in that name, and praying to be put in possession. A writ was accordingly issued and notice to vacate served by the sheriff, who made return, as follows: "and on the 27th of July, I served a copy of the within three days' notice to vacate on John Kohlman, by leaving the same in the hands of Francis Kohlman, an occupant person apparently over the age of fourteen years", etc., and the writ of possession was finally executed by the ejection of the dead man's children, August 4, 1886.

The adjudicatees, however, failed to comply with the conditions upon which the property was adjudicated to them, that is to say; they failed to pay "the taxes of 1880 and subsequent years", which they had assumed and promised to pay, and, accordingly, upon July 22nd, 1889, the State offered the property for sale, under Act 80 of 1888, for the taxes of 1880, 1881, 1882, 1883, and it was adjudicated to Jacob Englehardt "through Jacob Hoth". Upon August 20, 1889, a deed was made by the collector to Englehardt in conformity to said adjudication. Thereafter, upon February 5th, 1891, the property appears to have been sold by act, before Titche, notary, by Englehardt to Joseph Schemel; and, upon May 21st, 1892, it was sold, by act before Legier, notary, by Schemel, to the defendant, Joseph Glaudi.

It may be remarked, that in 1876, 1879, 1883, 1884 and 1885 there appear to have been adjudications of the property to the State and city, based upon assessments made, after his death, in the name of John Kohlman. There was, however, no change of possession until Kohlman's heirs were ejected at the instance of Messrs. Hoth, Schemel, and Stumpf in 1886.

It is plain from this that the State and city had no right to make any of these adjudications, and that the State had no right to sell the property under Act 82 of 1884, or under Act 80 of 1888, since all the assessments, upon the basis of which those adjudications and sales were made, were absolutely null and void—having been made in the name of a man who died in 1860. (Stafford vs. Twitchell, 33rd Ann., 520; Jackson vs. Wren, 36th Ann., 315; Edwards et als. vs. Fairex, 47th Ann., 170; Succession of Lacroix vs. Lumber Co., 49th Ann., 1445.)

It is also plain, under the settled jurisprudence of this State, that Hoth, Schemel and Stumpf acquired no title by virtue of the proceedings under Act 82 of 1884, for the further reason that they did

not comply with the conditions precedent required by the act as interpreted by this court.

State ex rel. Martinez vs. Tax Collector, 42 Ann., 677; Remick vs. Lang, 47th Ann., 914; Johnson vs. Martinez, 48th Ann., 53.

It is equally well settled that no title passed by virtue of the proceedings to sell the property under Act 80 of 1888 for taxes claimed to be due for years subsequent to the adoption of the Constitution of 1879, for the further reason that the notice required by Art. 210 of that instrument was not given.

Breaux vs. Negrotto, 43rd Ann., 426; Montgomery et als. vs. Land & Lumber Co., 46th Ann., 403; Finlay & Brunswig vs. Peres et als., 48th Ann., 17; Genella vs. Vincent, 50th Ann., 957.

Upon the question of prescription, it is evident that when Hoth, Schemel and Stumpf ejected the Kohlman family in 1886, they were aware that they had not complied with the terms of the adjudication under Act 82 of 1884. Considering this circumstance in connection with the fact that when the State offered the property for sale, under Act 80 of 1888, in order to realize the taxes which Hoth, Schemel and Stumpf had assumed, but had failed to pay, it was adjudicated to Englehardt "through Jacob Hoth", and that Englehardt, thereafter, sold it to Joseph Schemel, and it seems quite within the range of possibility, that Englehardt was interposed merely in order to enable Hoth, Schemel and Stumpf to retain both the property and the price. At all events, it is clear that Schemel, from whom the defendant purchased, in May, 1892, was not a possessor in good faith, from which it follows that even if the defendant be regarded as holding in good faith he took nothing in that respect from his author. And his own possession extended over a period barely exceeding five years. The prescriptions of ten, and thirty, years are therefore out of the case, and we have been unable to find the law upon which counsel rely in pleading the prescription of five years. The prescription of three years, under the Act of 1874, set up for the first time, in this court, has been held to be inapplicable to cases such as this. Parish of Concordia vs. Bertron, 46th Ann., 356; Johnson vs. Martinez, 48th Ann., 52; Marmion vs. McPeake, 51st Ann., 1631.

For these reasons we are of opinion that the judgment of the lower court is correct.

It is, therefore, affirmed.

Rehearing refused.