(41 South. 1029.)

No. 15,839.

LISSO & BRO. v. GIDDENS et al.

(June 4, 1906. Rehearing Denied June 28, 1906.)

1. PETITORY ACTION — DEFENDANT NOT PREJUDICED BY WARRANTOR'S DEFENSE.

The allegations of warrantor do not control nor defeat the right of the defendant.

2. PRESCRIPTION—POSSESSION.

The defendant was in possession of the property sold at tax sale; plaintiff takes nothing by prescription.

3. TAXATION—NOTICE TO TAX DEBTORS.

It does not satisfactorily appear that the tax debtor was notified as required.

4. SAME—REDEMPTION CERTIFICATE.

The auditor issued a "certificate of redemption" for the very taxes for which plaintiff claims the property was sold. Though issued after the time for redemption it remains as a fact that the state did not transfer the property which had been adjudicated to her for taxes for which the "certificate" issued. Moreover, the property had not been correctly assessed in the name of the tax debtor, nor had it been properly described.

5. SAME—REDEMPTION.

The state authorities did not go behind the certificate of redemption, nor seek to sell the property for taxes paid.

6. SAME—TAX SALE.

The act of sale of 1897 for the taxes of 1896 is null by reason of the fact that the taxes had been paid.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 1267.]

7. SAME—ASSESSMENT.

Moreover, if there was any validity in the tax deed of 1895, the property, after one year had elapsed was not separately assessed as the property of the state as required by Act No. 80, p. 88, of 1888.

Provosty, J., dissenting.

(Syllabus by the Court.)

Appeal from Eleventh Judicial District Court, Parish of Red River; Charles Vernon Porter, Judge.

Action by Lisso & Bro. against Tandy K. Giddens, J. J. O'Bierne, and others, warrantors. Judgment for defendants, and plaintiffs appeal. Affirmed.

Scheen & Stephens, for appellants. William Augustus Wilkinson, for appellee Tandy K. Giddens. Jack & Fleming, for appellees J. J. O'Bierne and others, warrantors.

BREAUX, C. J. Plaintiff's action was petitory.

Plaintiff, as owner, claimed under a tax title, while defendant claimed under a recorded deed of purchase of anterior date.

Plaintiff's contention is that the property was regularly sold to the state in 1895 for the unpaid taxes of 1894, and that it was a second time sold to the state in 1897 for the unpaid taxes of 1896.

It was sold by the state to the plaintiff in satisfaction of the unpaid taxes of 1896, and no mention was made of the prior sale of 1895 in this deed by the state to the plaintiff.

The defendant, on the other hand, owns under a deed of sale by the heirs of O'-Bierne made to him in January, 1903. The heirs of O'Bierne had acquired the property from the succession of Levy; and Levy, by mesne conveyance, traces ownership to the government.

This property was assessed in the name of the "Heirs of O'Bierne." It has always been in the possession of the "Heirs of O'Bierne," or that of their ancestors in title.

Plaintiff avers that the description of the land in his tax deed is correct, except that the southwest corner and southeast corner of the southwest quarter of the track, as described in the deed, should have been described as the south half of the southwest quarter, and the south half of the southeast quarter in section 7.

Plaintiffs ask to have the erroneous description corrected.

Plaintiffs set out that the certificate of redemption, which warrantors obtained, can be of no avail, because it was not obtained within the period for redemption. They aver that under Act No. 80, p. 88, of 1888, they are indefeasible owners of the property. They ask for judgment recognizing their

title, and correcting the erroneous description before mentioned.

Plaintiffs also filed a plea of prescription of three years under article 233 of the Constitution of 1898, relating to tax title.

Defendant interposed a general denial, averred that he bought in good faith, pleaded his possession. In the event of his eviction, he asked for judgment against his warrantors.

The warrantors in their answer to defendant's call in warranty, denied that plaintiff has any right in the land and averred that their warrantees are the owners. They averred that they redeemed the land; that the state acknowledged their right as owners; and that, in consequence, she was without right to convey the property to the plaintiff.

The case was before this court on appeal from the first judgment of the district court, and it was remanded to admit evidence touching the recitals in the tax collector's deed, regarding service of notice on the tax debtor, the manner of service, and the date and extent of the original entry of the land, and for a further account of the title since the land was entered; also to take evidence regarding the number of O'Bierne's heirs, and the extent of their interest as warrantors.

Evidence was heard in the district court after the case had been remanded, and again the district judge decided for the defendant.

Plaintiffs appeal.

Plaintiffs, in the first place urge, in substance, that the general denial of defendant in the answer is controlled by the special allegations in the answer of warrantors; that the latter must prevail and be controlling, not only in so far as the warrantors are concerned, but also as relates to plaintiffs.

The special allegation in the answer of warrantors which plaintiffs urge is controlling was that which sets forth that the land was adjudicated to the state in 1895,

and remained the property of the state until December, 1898; that it was fully three years after the sale was made of the property at tax sale to the state that the owners redeemed the property from the state and received a certificate of redemption from the auditor.

This admission of the warrantor that the property had been owned by the state is the admission which plaintiffs claim is binding upon the defendant.

The defendant stoutly denies that it can be thus bound by a warrantor's allegation.

We are of opinion that the defendant cannot be thus controlled in his rights.

True, in pleadings, general are governed by special allegations; but not when the general allegations have been made by defendant and the special allegations by the warrantor. The latter cannot thus dispose of the rights of defendant. Each stands upon his legitimate ground of defense. Warrantors cannot admit away the right of their vendee; each must stand on his own rights.

In this view we hold that it is not, as contended by plaintiffs but on the contrary, defendants have not admitted the validity of the sale to the state.

We will state here that the whole case is before us on the evidence taken on the first trial and on the evidence taken on the second trial before the district court after the case had been remanded.

We have found no good reason upon which to sustain plaintiffs' plea of prescription under article 233 of the Constitution.

It will be borne in mind that defendant has always been in possession. His cause cannot very well be brought within the terms of the article cited, supra. This article has been interpreted several times, and no longer leaves room for much interpretation on this point.

We repeat that plaintiffs having never been in possession under the facts here, take nothing by prescription. Boagni **v.** Pacific

Improvement Company, 111 La. 1063, 36 South. 129; Tieman v. Johnston, 114 La. 112, 38 South. 75.

The plea of prescription passes out of the case.

Did the state convey a title to plaintiffs? is the all important question.

As a preliminary to a decision on the merits of this question, we will state, as relates to notice to the tax debtor that the proof admitted after the case had been remanded does not add anything to the recitals of the deed; on the contrary, if anything, it impairs the weight of these recitals, and if there was not sufficient evidence before the court on the first trial made to appear by the tax collector's deed that the notice required by the Constitution was served, there is less at this time; for the admitted testimony on the last trial in the district court shows that no service was made. The requirement of section 41, Act No. 85, p. 126, of 1888, was not observed.

There is no check mark on any of the assessment rolls, or any evidence of record to show notice, except the bare recital of the deed. No one seems to know that the service was made. The tax debtors were not residents of the parish in which the land was situated. If they were notified it must have been by mail. The postmaster's receipt of letters, containing notices to tax debtors, if any was ever issued, was not to be found. Moreover, there is no certificate from the sheriff for 1894, showing that notice had been given to delinquent tax debtors. He, the sheriff, shall certify on both tax rolls that he has served or mailed all of said notices. Certificates on either tax roll shall make full proof, until disproved in a judicial proceeding. Section 41, Act No. 85, p. 126, of 1888. Act No. 77, pp. 96, 97, of 1880, §§ 27, 28, is specially direct upon the subject. The tax debtor having been in possession, the stringent article of the Constitution of 1898 (article 233) has no application.

For the sake of some convenience in the discussion, we invert the order in which the issues have been presented, and take up for decision the question relating to the last act of sale; that is, the act of sale of 1897, for the payment of the taxes of 1896.

It will be borne in mind that this act of sale by the state to Lisso Bros., dated the 14th day of September, 1901, was made to them in payment of the debtors' taxes (warrantors here), of the year 1896, in the name, not of the heirs of O'Bierne, but of the heirs of O'Brien.

Excerpt from tax deed of 1897 for part of taxes of 1896:

"Name and description of property.
"Heirs of O'Brien. 320 acres—S. W. quarter of S. E. quarter of S. W. quarter, section 8; N. ½ of N. E. quarter; N. ½ of N. W. quarter, section 18, T. 11., R. 8, entered by Charles Petrovick."

Plaintiff admits there is an error in that section 8 should be section 7.

The sale of 1901 to Lisso Bros. was of property assessed in the name of the "Heirs of O'Bierne."

The deed in question refers exclusively to the taxes of 1896.

In this act of sale by the state to Lisso Bros. no mention was made of taxes of 1894; but it appears that in August, 1897, the land in question was adjudicated by the sheriff, as tax collector to the state of Louisiana for the taxes of 1896, and this is the tax deed which is made the basis of the tax sale by the state to Lisso Bros. On the day that the state sold to Lisso Bros. the property had not been properly assessed or not properly described. For some reason, not disclosed, the state did not choose to avail itself of the adjudication which had been made to it of the property for the taxes of 1894. We infer that it was because it had accepted the payment of the taxes of 1894, and had given full receipt to the tax debtors. It further appears that payment was made of all taxes

due on the property for 1896, within 12 months from the date of the sale which was made the basis of the sale to Lisso Bros.

The clerk of the court of the parish of Natchitoches, in which the land is situated, who seems to have been quite familiar with assessments and tax matters in that parish, testified that all taxes had been paid. To finish the sentence in his words:

"In the interest of the O'Bierne heirs, on July 2, 1898, and for which the redemption certificate issued on December, 1898."

This redemption certificate was complete, and covered all taxes therein to its date.

The clerk is corroborated by the sheriff of the parish, as shown by the following, quoting:

"The supplemental assessment was made for said years and the roll shows that it was paid as I have said for years '95, '96, and '97, and that they were paid on July 2, 1898."

Now if the clerk is not in error in his statement that all taxes had been paid on July 2, 1898, then it is a fact that the taxes were paid within the 12 months after the property was adjudicated to the state in August, 1897. And this fact, together with the certificate of redemption, is a complete answer to all of plaintiffs' claim.

But let us concede that the certificate should not have been issued, we then take up the second branch of the case, and even then we do not find that they have a title for the following reasons: The plaintiffs did not buy with the least reference to the sale of 1895 for the taxes of 1894.

No reference whatever is made to the sale of 1895.

Now as to the title which fell to Lisso Bros. by the deed to them by the sheriff and tax collector in 1901. This title was null. Essential forms were omitted in that the property was not assessed separately for the taxes of 1894 as required by Act No. 85, p. 133, of 1888, § 61.

117 La.—17

The following are in the main the provisions of the act:

"The same shall continue to be assessed in the name of the possessor to whom it belongs at the date of the sale until the lapse of one year; but the tax collector shall not sell the same under the assessment, but may sell the same after the expiration of 12 months under Act No. 80, p. 88, of 1888, as the property of the state provided the assessor shall designate such property as adjudicated to the state, and list and assess the same separately from all other property."

The property was not designated as adjudicated to the state, nor listed, nor separately assessed. The property is described in the deed of 1897, not as the property of the state, but as the property of the "Heirs of O'Brien." It was not sold as property of the state. It was not listed nor assessed in the name of the state, but in the misleading name of O'Brien.

This is a requirement precedent to the sale. Section 61, Act No. 106, p. 137, of 1890.

The property was sold for the taxes of 1896, claimed as due by the heirs of O'Brien, although plaintiff claims at the same time that the property was assessed by the state.

The law contains no provision for the readvertisement of the property in the name of the tax debtor and second adjudication. Section 53, p. 130, Act No. 85, of 1888.

We return to the necessity there was under the law of selling the property for the state. Upon that subject there is recent unanimous utterance of this court:

"Considered from another point of view the state having continually since 1885 assessed the property to plaintiff and his author and collected taxes thereon, waived the prior forfeiture or adjudication to herself." Booksh v. A. Wilbert Sons Lumber & Shingle Co., 115 La. 357, 39 South. 11.

In Martin v. Barbour, 140 U. S. 646, 11 Sup. Ct. 949, 35 L. Ed. 546, the court said:

"The state is bound by the act of her officers in placing the lot on the tax books for the years 1885 and 1886, and receiving from the appellees the taxes for three years. Equity will treat the transaction as a waiver of the prior supposed forfeiture, and will regard the taxes paid for 1885 and 1886 as so much paid toward re-

demption, and will permit the payment of the rest." Pitre v. Schleslinger, 110 La. 234, 34 South. 425; State v. Ober, 34 La. Ann. 359; Land Improvement Co. v. Wade, 51 La. Ann. 251, 25 South. 105; State ex rel. Benedict v. City, 112 La. 408, 36 South. 475.

The discussion here is unanimous regarding the tax sale of 1897 for the payment of the taxes of 1896. Even if there is any vitality at all in the tax deed of 1895 to the state for the payment of the taxes of 1894 it would be strange if the title passed out of the state through the sale of 1897, admittably null and void.

Be this as it may, the property was not listed and assessed in the name of the state after the sale of 1894. Under repeated decisions it could not be sold in 1897, as property of the tax debtor, and not of the state.

But the contention is made by plaintiffs that the state can do as she pleases with her own. That would be true if the state officers in the proceedings had conferred some color of title upon the purchaser from the state. We do not think that they have in thus selling the property in the name of the original tax debtor.

Before closing we cite Doullut v. Smith (No. 16,011, handed down this day), 41 South. 913,[1] in which it is held that a tax sale is null, because part of the tax had been paid. Here all the taxes for which the property was sold, according to the express terms of the deed, had been paid.

It was not really an act binding upon the state in any way. Plaintiff acquired no title. The property remained in the tax debtor.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.

MONROE, J., concurs in this opinion.

See dissenting opinion of PROVOSTY, J., 41 South. 1032.

_____

[1] Ante, p. 491.