(Court of Appeal, Parish of Orleans.)

## ALEX FRASER ET AL. VS. JOSEPH WECKERLING.

1. Where, after a tax sale to herself, the State, through her officers, continues to assess the property to the former owners and to collect taxes from them, she is estopped from availing herself of prescription in her favor and against such former owners.
2. But where the titles of the State and of her vendee are spread upon the public records, and said vendee by judicial process obtains and maintains, for more than three years, physical possession of the property, his title is placed beyond all attack, except as to the nullities specially enumerated in the Constitution.

Appeal from Civil District Court, Division D.

R. McG. Perrin, Parkerson, Bruenn & Breazeale, for Plaintiffs and Appellants.

Carroll, Henderson & Carroll, for Defendant and and Appellee.

DUFOUR, J. The plaintiffs, as universal legatees of William Boyd, bring this petitory action to recover certain real estate bought by him in 1871, and of which he and his heirs have had possession from that time until April 21st, 1904.

Boyd having failed to pay the State tax of 1886, the property was sold for taxes to the State in 1887, and, after subsequent offer under Act 80 of 1888, was listed with the State Auditor.

The assessment was continued in the name of Boyd until 1903, and the State did not take possession, but continued to collect the taxes from Boyd or his heirs from 1896 to 1902.

In Decemebr, 1901, one of the defendant's authors purchased the property from the Auditor under section 3 of the Act of 1888, and, on April 21st, 1904, defendant's vendor was put in actual possession under a writ, and since that time, said possession has been in the present defendant or his vendor.

This suit was not brought until December 4th, 1907, and the defendant has pleaded the prescription of three years under Article 233 of the Constitution. The plaintiff's contention is that when the State sold the property in 1901, the title was in reality vested in Boyd, because the State had waived its ownership by assessing the property subsequently to the owner and collecting

the taxes from him, and hence the sale by the State was an absolute nullity.

We are not acquainted with any case in which the Supreme Court has held that where property has been sold to the State and is subsequently assessed in the name of the owner, who pays some of the taxes, these facts alone are sufficient to revert title in the taxpayer.

The real doctrine on this point is that the State or its vendee cannot prescribe against the owner in possession under the foregoing circumstances.

In Pitre vs. Schlessinger, 110 La. 236, the Court said:

"After the tax sale, the State, through its officers, continued to assess the property to the former owner, and to collect taxes from them on the property. This estopped the State from availing herself of prescription against these former owners. Delay could not run in favor of the State while she was by these acts of her officers acknowledging the title of these former owners of the property."

See also 117 La. 349; 119 La. 1056.

The plaintiffs rely upon *dicta* found here and there to sustain their claim, but these do not in any manner assist them.

Martin vs. Barhaur, 140 U. S. 634, arose under an Arkansas statute, and the language used must be taken in the light of the provisions of the statute.

In Boaksh vs. Wilbert Co., 115 La. 358, there was a dual assessment, and the tax had been paid on one of them.

In Lisso vs. Giddens, 117 La. 511, there was no possession and the plea of prescription was said to have "passed out of the case."

In Prater vs. Craighead, 118 La. 637, the plea of prescription was sustained.

In Gauthreaux vs. Theriot, not yet reported, there was no opinion, except that of the justice who was the organ of the court, three justices concurring in the decree only, and another dissenting.

If the decisions from Canter vs. Williams to the present time mean anything, they mean that the constitutional prescription is in the nature of a statute of repose not intended to make a bad title good, but to bar the title from attack, except on the grounds of dual assessment and previous payment of taxes.

In this case the defendant bought from the State whose title was of record, paid such taxes as remained due, and took actual

311

possession under his title, which remained unassailed for more than three years.

In re. Lockhart, 109 La. 747, in a case in which the Supreme Court found the sale to the State to be *a nullity,* and referred to the effect of Article 233 on the parties, it was said:

"Not only was Lockhart's own deed of conveyance from the State of record during that whole period, but the adjudication to the State under the tax sale made in 1885 had also been of record from that year. We see,. therefore, that from May, 1898, up to the institution of this suit, a period of more than three years, there was a person holding actual possession of the property, and claiming ownership under a tax title which had been duly recorded in 1885, against whom the heirs of Brickell could have proceeded. The State's title and that of Lockhart was *open to attack all that time.* * * *"

"Owners are notified that, although these claims of ownership may be null and assailable within the period aforesaid, they will be placed beyond attack after that delay, except as to specially enumerated nullities."

While it may be eminently just that the State should not profit by the inaction of a taxpayer whom she has lulled to sleep, it is equally just that the negligent owner, who remains ousted from the physical possession of his property for more than three years without a murmur of protest should pay the penalty of his own neglect.

The judgment rejecting the plaintiff's demand is correct. Judgment affirmed.