(55 South. 334.)

No. 18,440.

ARMSTRONG v. PROGRESSIVE REALTY CO., Limited.

(April 10, 1911. Rehearing Denied May 8, 1911.)

*(Syllabus by the Court.)*

TAXATION (§§ 415, 805*)—ASSESSMENT—PRESCRIPTION—POSSESSION.

The tax assessment and the sale thereon were null and void.

The owner was in possession of the property within three years after the adoption of the Constitution of 1898.

The title does not come within the curative effect of article 233 of the Constitution.

Over 10 years the property was assessed in the name of the defendant owner.

Over 10 years the state collected taxes from him, as she collected taxes due her by all other owners of property.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. §§ 415, 805.*]

Appeal from Civil District Court, Parish of Orleans; W. B. Sommerville, Judge.

Action by Johnston Armstrong against the Progressive Realty Company, Limited. Judgment for defendant, and plaintiff appeals. Affirmed.

Wm. Winans Wall, for appellant. Zengel, Thomas & Suthon and John Watt, for appellee. E. D. Saunders, amicus curiæ.

BREAUX, C. J. Plaintiff sued to have his title recognized.

He bought the property from the "Quaker Realty Company" on December 31, 1909.

The latter bought from Fred Odom.

Fred Odom bought the property from the Auditor of the State on November 1, 1909.

The Auditor was authorized to transfer the property by paragraph 3 of Act No. 80 of 1888 and Act No. 126 of 1896.

In the deed to Odom, it is recited that the property was adjudicated to the state on March 3, 1885, for the taxes of the year 1883, and that the assessment for 1883 was in the name of F. H. Kennedy for half of square 918 and Mrs. F. H. Kennedy for the other half.

In addition to the deed of 1885, plaintiff urges that the property was also forfeited to the state for the years 1871 and 1872, under the laws of 1871 and 1877.

As to the defendant, the facts are, as relates to the title it claims:

The property was adjudicated at auction sale to Joseph Villio, in October, 1900, and this adjudication was confirmed by a notarial act, dated February 11th following, signed by all parties, the vendors representing the succession of Mrs. Joseph Kennedy, owner to the extent of three-fourths, and the succession of F. H. Kennedy and wife, jointly, to the extent of one-fourth.

The former died.

Mrs. Kennedy died in 1863, and the late Judge F. H. Kennedy died in 1884.

Villio, after his purchase, went into possession of his property.

He paid the taxes and improved the property; drained it and constructed sidewalks on

the adjacent streets. From the first, he was always in possession, and it has always been assessed in the name of Villio since.

The defendant, who holds under Villio's title, excepted to the suit; it alleged that plaintiff was never in possession of the property.

We have not noted all the different issues. The case is decided on the issues discussed.

It is as alleged by defendant: Plaintiff never had possession.

Prior right claimed:

Plaintiff urged that, before defendant's author in title bought the property, the state was the owner, both by deed and by effect of time.

It is necessary at this point, before deciding, to refer to the asserted title of the state, which was transferred to plaintiff.

The property never was properly assessed.

At the date of the assessment, two of the owners were dead. One of these owners owned three-fourths of the property, and each of the others one-eighth.

At the date of the adjudication to the state in 1885, the third owner to the extent of one-eighth was dead.

The property was not assessed in the name of Mrs. Withers, widow of Joseph Kennedy, who owned the three-fourths. She was the record owner originally. Nor was the extent of the ownership correctly given in the assessment.

Land not assessed in the name of the record owner is not legally assessed, and the assessment is null. In re Sheehy, 119 La. 608, 44 South. 315.

As to the others—the dead owners—prior to the special act of the Legislature, an assessment in their names was not considered an assessment. Kearns v. Collins, 40 La. Ann. 453, 4 South. 498; Kohlman v. Glaudi, 52 La. Ann. 700, 27 South. 116.

We have noted that neither plaintiff nor his authors in title were in possession; in such a case the prescription of three years, under Act No. 105 of 1874, does not apply. Kohlman v. Glaudi, 52 La. Ann. 700, 27 South. 116.

With regard to article 233 of the Constitution of 1898, we will state: Its prescriptive effect does not apply. The three years necessary had not expired.

There were not three years between the day the Constitution was adopted and the day the defendant bought and went into possession of the property.

In consequence, plaintiff failed to sustain prescription pleaded.

In Canter v. Heirs of Williams, 107 La. 79, 31 South. 627, the court held that, after three years, the one in possession cannot be disturbed. Carey v. Cagney, 109 La. 82, 33 South. 89; Ashley v. Bradford, 109 La. 650, 33 South. 634.

Plaintiff predicated an argument on the knowledge which the defendant and its ancestors in title had of the defective assessment and illegal tax sale.

We are not impressed by the argument.

Conceded, for the moment, that it is as alleged by plaintiff: Knowledge of an outstanding, illegal tax title and payment of taxes under subsequent legal assessment does not bind or prejudice the owner.

The estoppel pleaded by defendant and sought to be met by plaintiff.

We will go no further as relates to this point than to state the naked facts.

Over 10 years the property was assessed in the name of the defendant owner.

Over 10 years the state collected taxes from him as she collected taxes from all other owners of property.

The law and the evidence being for defendant, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.

MONROE, J., takes no part, not having heard the argument.