UNTEREINER v. CITY OF N. O.

(March 4, 1929.   Opinion and Decree.)
(April 1, 1929.   Rehearing Refused.)
(May 21, 1929.   Writ of Certiorari and Review Refused by Supreme Court.)

F. Rivers Richardson, of New Orleans, attorney for plaintiff, appellant.

W. F. Conkerton, of New Orleans, attorney for defendant, appellee.

JANVIER, J.   Plaintiff alleges himself to be the owner of two lots of ground on Canal Boulevard in Lakeview, New Orleans. He claims to have acquired them from Jos. A. Bloom by Notarial Act on December 17th, 1925.

Bloom had acquired them from the State of Louisiana, one on December 9, 1923 for the State Taxes of 1922, and one on December 17th, 1924, for the State Taxes of 1923.

Plaintiff seeks to enjoin the sale of the property for City taxes and paving charges for the years 1924 and 1925.

This injunction is sought on the ground that the taxes and charges have been extinguished by confusion, and so far as the taxes are concerned it is further urged that the assessments in the name of the wrong person cannot form the basis of a legal tax sale.

It is claimed that extinguishment by confusion results from the fact that the City caused the property to be adjudicated to itself for unpaid City Taxes and paving charges for 1918. This adjudication took place in March, 1922. Plaintiff argues, that as the City became the owner of the property, under the adjudication of March, 1922, the City taxes for 1924 and 1925 and all paving charges, being due by the City as owner under the adjudication of 1922 to itself, were thus extinguished by confusion.

This seems to us to be a most dangerous attitude for plaintiff to assume, for the position of plaintiff cannot be sustained unless we are prepared to say that the adjudication of March, 1922, conveyed to the City full and perfect title. If it did convey such title to the City then plaintiff's title is not good and he has no interest in attempting to enjoin the sale of the property. If, however, plaintiff's title is good then the City was not the owner at the time the taxes for 1924 and 1925 became due, and hence these taxes and the paving charges were not extinguished by confusion.

Plaintiff, himself, has shown that the property was vacant and that after the adjudication to the City no steps were taken by the City to assert its ownership and no actual possession of the property was taken.

Under the authority of State ex rel. Benedict vs. City of New Orleans, 112 La. 408, 36 South. 475, it seems quite evident that no such full and perfect ownership resulted from the adjudication as is required where extinguishment by confusion is claimed.

So far as the attempted sales for the taxes alone are concerned, we are of the opinion that the assessments in the name of the former owner were absolute nullities, and that, therefore, they could not form the bases of valid sales.

The record shows conclusively that Parnin or Perrin, or whatever his true name was had had no interest in the property for several years and therefore, assessments in his name for 1924 and 1925 were absolute nullities.

"It is well settled that a tax sale made under an assessment in the name of one who is not the owner of the property, either in fact or according to the public records, is not a valid sale, unless and until the illegality is cured by the prescription of three years." Nylka Land Co. vs. City of New Orleans, 166 La. 786, 117 Sou. 918.

"Land not assessed in the name of the legal owner is not legally assessed, and the assessment is null." Armstrong vs. Progressive Realty Company, 128 La. 727, 55 So. 334. See also In Re Sheehy, 119 La. 608, 44 So. 315.

But argues the City of New Orleans, plaintiff has no right to set up the improper assessment because he has not complied with Sections 25 and 26 of Act 170 of 1898, Section 25 of which reads as follows:

"That it is hereby made the duty of every taxpayer in the Parish of Orleans to make return of his property duly sworn to, within twenty (20) days after the list for such purposes shall have been left at his domicile or place of business, and any refusal, neglect or failure from any cause whatsoever to comply with this provision of this act shall act as estopping the taxpayer from contesting the correctness of

the assessment list filed by the assessor and any owner, agent, administrator, executor or other representative, shall have no standing in court for a wrong description (whether in name, measurement or otherwise) unless written complaint thereof was made during the period when the lists are open for public inspection and correction, and the property of such owner, agent, administrator, executor or other representative so assessed shall be deemed properly assessed."

The pertinent part of Section 26 (as amended by Act 63 of 1906, Sec. 2) provides:

"That all taxpayers in the Parish of Orleans shall have the right to appear before a standing committee on assessments of the City Council of the City of New Orleans, between the first of April and the tenth day of April, inclusive, of the year in which the assessments are made, * * * and be heard concerning the descriptions of the property listed and valuation of same as assessed; and the board of reviewers having considered the claim for relief of the taxpayer, shall either approve or disapprove the petition as provided in Section 24, and if disapproved, then the taxpayer, shall have the right of testing the correctness of their assessments before courts of justice in any procedure which the Constitution and laws may permit; but the action to test such correctness shall be instituted on or before the first day of November of the year in which the assessment was made. In all suits for the reduction of assessments the State Tax Collector of the respective parishes shall be made parties."

It is argued that under this statute plaintiff is estopped from claiming any benefit or rights resulting from an improper assessment because he has not alleged and shown that he filed the list required by that Statute.

This contention, however, seems to be thoroughly answered by the decision of the Supreme Court in Nylka Land Co. vs. City of New Orleans, supra, in which case the Court said:

"The Court of Appeal misconstrued the language of section 25 of the act, where it is said that, if a property owner neglects to make a return of his property within the time prescribed, he 'shall have no standing in court for a wrong description (whether in name, measurement or otherwise),' etc. In the expression 'Whether in name, measurement or otherwise,' the word 'name' does not mean the name of the person to whom the property is assessed; it means the name by which the property is designated or described if it be described by name. Section 9 of the act declares that it shall be sufficient to assess property according to such description as will reasonably identify it, 'such as designating the tract or lot by the name by which it is commonly known, * * * or by the dimensions or description or name given in the act translating the ownership thereof,' etc. The name of the taxpayer, to whom the property is assessed, is, to some extent, descriptive of the property; and it may be that one who is in fact the owner of the property assessed, or who appears on the public records to be the owner, would be forbidden by section 25 of the statute to demand that an error in the spelling or writing of his name on the assessment rolls should be corrected after the expiration of the time in which the lists were open for inspection and correction. That is a question of no importance in this case, where the complaint is that the lots were assessed to individuals who were not the owners of them, either in fact or according to the public records."

This decision in our mind, is authority for the proposition that the owner is estopped to contest an assessment inaccurate as to description or incorrect as to measurement or as to value, but where the assessment is an absolute nullity resulting from the fact that it is in the name of the wrong party no estoppel results. We, therefore, feel that plaintiff's failure to file the list required by the Act of 1898

does not estop him to set up the absolute nullity in the assessment in the name of the former owner.

The situation with regard to paving charges is, however, entirely different and we believe, that the decision of the Supreme Court in Moody & Co. vs. Sewerage & Water Board, 117 La. 360, 41 So. 649, is controlling here. There the Court held that the paving charges run against the property itself and that the sale by the City or the adjudication by the City did not have the effect of cancelling these paving charges. As the court said:

"Under Act No. 73, p. 116 of 1876, the lien for amount due remains 'as such charge' on the property. The city has a full right and the property is sold subject to that right which primes all other. Under the terms of Act 85, p. 111 of 1888, the property passes to third persons, adjudicatees, subject to the statutory pledge."

"It is different if it be adjudicated to the state under Act No. 80, p. 88 of 1888."

If plaintiff's contention were sound, immediately on the adjudication to the City of any property, on which paving charges were due, the charges would be extinguished by confusion, and the City could not, therefore, dispose of the property without entirely wiping out and eliminating the debt due by the property for paving. The City would thus find itself in a very unfortunate situation and if many such instances occurred it would be deprived of a large part of the paving revenue and would find itself entirely unable to meet its obligations in this regard, and unquestionably a curtailment in paving and public improvement would be the inevitable result.

Our conclusion insofar as the taxes are concerned is that no valid sale can result from an assessment in the wrong name, but so far as the paving charges are concerned they run against the property itself and they can be collected from the owner, whoever he may be, without regard to the fact that a partial or quasi ownership may have at one time existed in the City.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from insofar as it finds plaintiff to be the owner of the property in question be and it is affirmed.

And it is further ordered, adjudged and decreed that the judgment appealed from insofar as it dismisses plaintiff's prayer for an injunction restraining defendant from selling plaintiff's property for taxes for 1924 and 1925 be and it is annulled, avoided and reversed and it is now ordered, adjudged and decreed that defendant be and it is enjoined, prohibited and restrained from proceeding further with the sale of plaintiff's property for taxes for the years 1924 and 1925.

And it is further ordered, adjudged and decreed that the judgment appealed from insofar as it dismisses plaintiff's prayer for an injunction prohibiting and restraining the sale of plaintiff's property for paving charges be and it is affirmed.

Plaintiff to pay all costs.