BOUTALL, Judge.
This is a suit for recovery of taxes paid under protest instituted by the Roman Catholic Church of the Archdiocese of New Orleans against the City of New Orleans. The City answered plaintiff’s petition and thereafter filed a motion for judgment on the face of the pleadings. The lower court rendered judgment in favor of the City, dismissing plaintiff’s suit and the Roman Catholic Church has prosecuted the instant appeal.
The facts of the matter as determined by the pleadings of both litigants are as follows :
In 1965 the Roman Catholic Church, hereinafter referred to as the Church, acquired a certain piece of property bordered by Curran and St. Charles Roads, Hayne Blvd. and “proposed Mayo Road” in the City of New Orleans. The above referred to property was encumbered by a 50 foot servitude on the rear or northerly side thereof in favor of the Sewerage & Water Board of the City, covering the right “to install and maintain electric, water, sewer, drainage, gas and telephone installations and similar utilities by itself or other public bodies and public utility corporations.”
At the time the property was acquired by the Church it was separated from Mayo Road by a strip of land measuring 38.67 feet in width by 600 feet in length which was owned by the LaKratt Corporation. Today the Church property abuts Mayo Road as a result of a street widening project authorized by the City in 1969. Since the Church is now the abutting landowner to the public improvement, the City has levied an assessment on a front footage basis against the Church for the cost of the street improvements and on a square yard basis for costs of the sidewalks. R.S. 33:3301 et seq. The total amount of the assessment comes to $7,324.94 which may be itemized as follows:
1. $10.00 per foot x 600 foot frontage (50 feet of which is an assessment against that portion of the property covered by the servitude above mentioned) $6,000.00
2. $5.20 per sq. yd. x 254.22 sq. yds. sidewalk 1,321.94
3. Lien recordation charge 3.00 $7,324.94
*386 It is the contention of the Church that no portion of this charge is due and owing to the City because at the time the paving lien was recorded, prior to the start of the improvement work, the Church was not the abutting property owner to the then Mayo Road improvements. Rather at the time the work was started the property owned by LaKratt Corp. intervened between Mayo Road and the Church premises. Therefore the Church argues that it cannot be liable for this assessment. Alternatively, the Church contends that even if it is found to be the abutting landowner under the terms of the statute, it should not be liable for an assessment made against the 50 foot strip covered by the above referred to servitude.
With regard to the principal contention of the Church that it cannot be held liable for the assessment because it was not an abutting landowner when construction was initiated, we find this argument unpersuasive. The appropriate statutory authority governing this issue is R.S. 33:3301 through 3306 which provide in part as follows:
“§ 3301. Street improvements authorized
“Municipalities may construct, pave, surface, resurface with concrete, cement, asphalt, brick, gravel, crushed stone, shell, or any paving material, and repair or otherwise improve streets, roads, sidewalks, and alleys, together with the necessary ditching, curbing, guttering, aprons, drains, and headers within their corporate limits, including such streets, alleys or other public ways which may be entirely within the limits or boundaries of such municipality, but along the boundary or limit thereof in such manner that abutting property on one side of such street or other public way is situated wholly or partly outside of such municipality, and may levy and collect local or special assessments on the real property abutting the improvements, including such property as may be located outside the municipal limits but abutting a street or other public way located within the municipal limits, sufficient in amount to defray the total cost of the works, including street intersections, in the form and manner and subject to the limitations and restrictions as follows. As amended Acts 1950, No. 192, § 1.
“§ 3305. Statement of cost of improvement; liability of abutting property.
“The municipality, upon award of any contract under the provisions of this Sub-part may, and upon completion of such work, whether under contract or undertaken by the municipality, shall forthwith, require of the engineer of the municipality a duly certified statement or report, showing in detail, the total cost of the improvements, including street intersections, engineers’ and attorneys’ fees, and all other expenses incidental to the cost. The report shall also show the amount of the cost chargeable to each, lot or parcel or real estate abutting the improvements in proportion that its frontage bears to all of the abutting lots or parcels of real estate to be improved and shall give a brief description of each parcel or lot of real estate with sufficient clearness to identify it; and the foregoing provisions shall affect and include lots or parcels of real estate located outside of the municipality abutting a street inside such municipality which has been or may be improved under the provisions of this Sub-part. As amended Acts 1950, No. 192, § 2; Acts 1956, No. 407, § 1.
“§ 3306. Special assessment and lien installment payments.
“Upon the receipt of the certified statement or report of the engineer as provided for in the preceding Section, the governing authority shall adopt an ordinance levying a local or special assessment on each lot or parcel of real estate abutting the street, road, sidewalk, or alley to be improved, including such lots or parcels of real estate as may be *387 located wholly or partly outside of the municipal limits or boundaries, in proportion that its frontage bears to all the abutting lots or parcels of real estate to be improved in accordance with the contract awarded or in accord with the cost of improvements, when undertaken by the municipality.” Emphasis added.
We are of the opinion that the statute clearly contemplates that the real property abutting the improvement at the time of completion of the project shall bear the burden of the assessment. This is only logical since it is this property which most directly benefits from the improvement made. In the instant case, there is no contention that the lien has not attached to the Church’s property by virtue of improper recordation or otherwise. Neither is there a controversy regarding whether the Church is presently the abutting landowner, same being admitted.
The Church has cited the court to Jacob v. Mayor & Board of Trustees of City of New Iberia, 163 La. 416, 112 So. 30 (1927) in support of its argument. However, the court is of the opinion that the rationale of that case does not lend support to appellant’s position. In the Jacob case a New Iberia resident enjoined that city from selling his property to enforce the collection of a paving lien. According to an original construction plan, the completed street improvements were to abut Jacob’s property. However, the ultimate improvements did not, there being a strip of land not owned by Jacob intervening between the improved street and his property. Under those circumstances, the court held that Jacob’s property was not liable for the assessment.
We are in accord with the rationale of this case. Moreover, since the complete improvements in this instance do abut the Church property, we are of the opinion the assessment was properly levied against same.
We next consider the Church’s contention that it is not liable for the assessment against the SO foot strip of land covered by the above referred to Sewerage and Water Board Servitude. In support of this proposition appellant cites the court to Kansas City Southern Railroad Co. v. City of DeRidder, La.App., 206 So.2d 562 (1968). In that case the court upheld an assessment against a railroad right of way abutting a paved street even though the “property” assessed was in the nature of a servitude rather than one of fee ownership. The rationale of the court in so upholding the assessment was twofold: First, R.S. 33 :3301 et seq. did not prohibit such an assessment and secondly, the servitude was of such duration and of such a nature as to render it, as a practical matter, equivalent to fee ownership in the railroad and the actual owner derived no benefit therefrom.
It is obvious that the statute creates a lien against the property abutting the street improvements. There is no doubt that this property is owned by appellant and that the property itself is primarily liable for the assessment. Untereiner v. City of N. O., 10 La.App. 667, 120 So. 884 (1929).
We note that the Sewerage & Water Board is not a party to this litigation. Therefore we make no pronouncement as between appellant and the Sewerage & Water Board whether contribution or indemnification for the amount of the assessment is owed by one to the other. However, since the property was properly subjected to the lien for improvements, we are of the opinion that the monies paid to ap-pellee are not subject to refund.
We further are of the opinion that this is consistent with the rationale of the Kansas City So. R.R. case. If in fact the Church has no use or benefit from the property abutting the improvement or, that the servitude is so broad as to constitute virtual fee ownership in the Sewerage & Water Board, an 'adjustment may certainly be made between those parties. But as between the present litigants, we are of the opinion that no refund is due.
*388 For the foregoing reasons the judgment of the lower court is affirmed. Costs of this proceeding are to be borne by plaintiff-appellant.
Affirmed.