(34 South. 467.)

No. 14,675.

POMEROY et al. v. McFARLAIN et al.

(April 27, 1903.)

TAXATION—SALE TO STATE—PRESCRIPTION AGAINST OWNER.

1. Property was adjudicated to the state at a tax sale which was absolutely null for want of the giving of the notices required by article 210 of the Constitution of 1879. The state took action of no kind under the adjudication, but ultimately sold the property to a third person, who brought suit to recover it against the original owners, who had remained constantly in actual corporeal possession, and paid taxes upon it after the adjudication. The plaintiff, under such circumstances, could not successfully invoke the prescription of three years provided for in article 233 of the Constitution of 1898.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Denis Miller, Judge.

Action by Timothy Pomeroy and others against A. D. McFarlain and others. Judgment for plaintiffs, and certain defendants appeal. Affirmed.

Leon Sugar, for appellants. Sompayrac & Toomer, for appellee Pomeroy. Mitchell & Young, for other appellees.

NICHOLLS, C. J. The defendants McFarlain and Harris presented on the 24th of January, 1902, to the district court for Calcasieu parish a petition in which they alleged that in the year 1896 the northeast quarter (N. E. ¼) of section thirty-four (34) and lot No. 4 (four) of section thirty-five (35) in township eleven (11) south, of range four (4) west, legally assessed to Aladin Trahan, was seized and advertised for sale at tax sale for taxes due for said year after all legal requirements, the sum due by said Trahan being $5.94, and said property was bid in for and adjudicated to the state; that on the 17th of August, 1901, they purchased the said property for the price of $200 at a sale made by the tax collector of the parish of Calcasieu of property in that parish which had been bid in for and adjudicated to the state at tax sales for the years 1888 to 1898, inclusive, which had not been disposed of by the state, and not redeemed; that a tax deed was executed in their favor on the 12th of October, 1901; that said sale vested an absolute title in them to the property, and they desired to be placed in possession; that Timothy, Charles, and Henry Pomeroy were residing upon said property, and Aladin Trahan, the former owner, was dead, and his heirs were unknown to them. They prayed the court for an order to the sheriff directing him to seize and take said property into his possession, and give notice of the seizure, and that after due proceedings they be placed in possession. An order of court was granted as prayed for.

Upon the petition of Timothy, Charles, and Henry Pomeroy an injunction issued enjoining the sheriff and McFarlain and Harris from disturbing them in their possession of the property described and enjoining the sheriff from placing the last-named parties in possession of said land. In their petition for injunction they averred that by an act of February 15, 1898, duly recorded, they acquired the property referred to from Charles D. Bonin and Arthur A. Hebert; that they owned the property by a chain of title from the United States government, and had been in possession of same since the date they purchased the same—more than a year before the filing of their petition; that the alleged adjudication of the property to the state of Louisiana and the sale to McFarlain and Harris were null and void for the following reasons:

First. Because the taxes on said property were paid; secondly, and in the alternative, the said sale was null because of dual assessment; thirdly, and in the alternative, the said sale was not conducted in accordance with law. Plaintiffs, nor the owners of said property at the time of the alleged adjudication, were notified in accordance with article 210 of the Constitution of 1879 of the state of Louisiana and the laws of said state providing the manner of giving notice of delinquent taxes. That the failure of the sheriff and tax collector to give notice aforesaid and to adjudicate the property notwithstanding said failure was depriving the owner of his property without due process of law, and in direct conflict with article or amendment 14 of the Constitution of the United States.

That the said property had never been sold for taxes in accordance with law, and whatever attempts to adjudicate same had been made were absolutely null and void for the following causes in addition to those alleged: Want of proper assessment, as to name of owner, description of property, time of filing rolls, notice of filing of rolls, advertisement of sales, failure to say for what taxes the property was sold, failure to specify time and place of sale. That article 233 of the Constitution of the state of Louisiana, prohibiting tax sales being set aside for any causes but those enumerated therein, was in conflict with article 1 of the Constitution of the United States, and was an ex post facto and retroactive law. That the property seized aforesaid was well and truly worth $9,-640, and to dispossess them and deprive them of the use and benefit of it would cause irreparable loss to them. That they should not be disturbed in their possession and own-

ership of the said property. That they purchased said property in good faith, and had improved and possessed same in good faith, having no knowledge whatever of any defects in their title.

Making the usual allegations, they called for their vendors in warranty, and contingently asked for judgment against them.

In the event the title of McFarlain and Harris should be sustained, they contingently prayed for judgment against them for improvements. Plaintiffs' injunction demand was numbered 4,198 on the docket of the district court of Calcasieu, while that of McFarlain and Harris was No. 4,092 on that docket. The two demands were consolidated. The plaintiffs in injunction answered in suit No. 4,092. For answer they reiterated the allegations of their petition for injunction, averring further: That the state of Louisiana and its pretended vendees, McFarlain and Harris, were estopped from claiming title to said property by virtue of a tax sale, because defendants and their warrantors had been in uninterrupted and actual possession of said land for more than 10 years by chain of title to the government. Though they might not be able to prove payment of the said taxes for the year it was alleged to have been sold, they had and could establish that the said land had been regularly assessed to defendants and their warrantors. That, if the above plea of estoppel was overruled, Harris, to whom the sheriff attempted to adjudicate the said property, had for many years been a deputy assessor, and had regularly assessed the property to defendants and their warrantors, and he therefore was estopped from setting up any title adverse to defendants by virtue of a tax sale to the state of date previous to the date of assessments made by him.

In amplification of the plea of estoppel as to Harris, defendants urged that it applied also to A. D. McFarlain for the same cause and reason, and, in addition, because, as would be shown on the trial, Harris did the bidding on the property at the time it was alleged to have been sold, and, though the deed recited that it was sold to Judson Harris and A. D. McFarlain, it was error, as Harris acted as a purchaser, and the whole tract was attempted to be bid in by him. That McFarlain's title that he claimed was acquired from Harris subsequent to the actual attempted adjudication to Harris. That, as Harris was a deputy sheriff connected with the court, he did not and could not acquire title to the property sued for, it being, if any right, a litigious right. That Harris was an officer as aforesaid at the time that he attempted to purchase the said litigious right and that this was well known in law and in fact to A. D. McFarlain, who sought to acquire title to part of said land through Harris. That the attempted adjudication of the land sued for by Harris and McFarlain was an absolute nullity, Harris being a deputy sheriff, as aforesaid, at the time that he bid for the property, and A. D. McFarlain having sought subsequently to acquire an interest through Harris, whom he knew as an officer connected with the court as aforesaid.

Defendants averred that they acquired their title to the said land from Charles D. Bonin and Arthur Hebert, residents of Calcasieu parish, by act of sale dated February 15, 1898, duly recorded in Book 20 of the Conveyances Records of Calcasieu parish.

That they acquired said property more than three years before the filing of their answer, and had had actual possession of same for that full time.

On the 1st of October, 1860, the United States government issued a patent to Aladin Trahan for the northeast quarter of section 34 and the lot No. 1 of section 35, in township 11 south, of range 4 west. It was recorded in Calcasieu parish on June 26th, 1896.

Aladin Trahan died in Calcasieu on the 22d of April, 1895. In 1896 his property was assessed as follows: "Aladin Trahan, 241 acres, N. E. 34, Lot 4, Sec. 35–11–4. For 1896. Assessment $200."

On June 26, 1896, at a succession sale made in the succession of Aladin Trahan, the property was sold for $850 to Arthur A. Hebert and Charles D. Bonin. The description followed the patent. The land was sold with all the buildings and improvements thereon, and it was described as "being the last residence of the deceased." The act of sale was recorded on the 26th of June, 1896.

The taxes for 1895 and prior years had at that time been paid for; those for 1896 were not yet exigible.

On the 18th of September, 1897, the sher-

iff of Calcasieu parish, · ex officio tax collector, offered the property at public auction in enforcement of the taxes upon it for the taxes of 1896 assessed in the name of Aladin Trahan. The property was described as assessed. The "lot" patented was referred to as "Lot 4 of section 35," instead of "Lot 1 of section 35," as given in the patent. No one bidding for the property, it was adjudicated to the state. A tax deed to the state was executed on the 18th of October, 1897, but the date of its registry is not shown. No notices were given either to the administrator of Trahan or to Hebert or Bonin, the owners of the property at the date the taxes of 1896 fell due, and the owners at the time it was offered for sale and adjudicated to the state.

On February 15, 1898, Hebert and Bonin sold the property for $1,928 to the Pomeroys, the defendants in the present suit, brought by Harris and McFarlain for possession. Their deed of sale was recorded on March 8, 1898. In the act the purchasers acknowledged delivery and possession of the property purchased.

In August, 1901, the tax collector of Calcasieu offered the property for sale as property belonging to the state from having been adjudicated to it in 1897. It was adjudicated to Harris and McFarlain for $202. A deed was executed to them on October 12, 1901, and recorded on the 15th of October of the same year.

This suit was filed on the 24th day of January, 1902. All the taxes after those of 1896 had been paid by Hebert and Bonin and their vendees, the Pomeroys. The property appears to have been constantly in the possession of Hebert and Bonin and their vendees, the Pomeroys. The latter were in actual possession at the institution of this suit. The state not only did not take actual possession, but it did not cause a writ of possession or seizure to be issued, and, of course, notices of no kind were ever given after the property was adjudicated to it.

The adjudication to the state was an absolute nullity. The requirements of article 210 of the Constitution of 1879 as to notices were not observed. The state, having itself no title, conveyed none to Harris and McFarlain. The prescription of three years provided by article 233 of the Constitution of 1898 finds no application in this case.

We think the judgment of the district court is correct as far as it goes, but that appellees are entitled on the prayer which they filed in this court to have the same amplified so as to perpetuate the injunction which they caused to be issued herein, and to be quieted in the ownership and possession of the property involved in this litigation.

For the reasons herein assigned it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed. It is further ordered and adjudged that the injunction which issued herein at the instance of the appellees be, and the same is, perpetuated, and they are hereby quieted in the ownership and possession of the property involved in this litigation, and that appellants pay the costs of both courts.

BLANCHARD, J., concurs.