LAND, J.
This is a petitory action to recover a certain tract of swamp land, containing 15S acres, more or less. Plaintiff alleged that the defendants, about four months before the institution of the suit, took unlawful possession of said tract of land, and were spoliating the timber thereon. Plaintiff sued out writs of sequestration and injunction to preserve his alleged rights as owner.
Plaintiff alleged that he acquired title from the Atehafalaya Basin Levee Board in November, 1900, and that said board acquired title from the state of Louisiana.
Plaintiff prayed for judgment recognizing him as owner of the tract of land, and of the cut timber thereon, and for $2,500 as damages for waste and attorney’s fees.
Defendants in their answer set up a claim of title through mesne conveyances from J. D. Denegre, who acquired by patent from the state of Louisiana, and averred that the tax sale to the state, on which the plaintiff relied to divest the title of the widow and heirs of said J. D. Denegre, was null and void, for error of description, and for want of. authority in the pretended officer who made the alleged sale. Defendants further averred that any pretended sale from the levee board aforesaid to the plaintiff was null and void, because not authorized by the board or by law, and that said board never received the proceeds of said pretended sale.
Defendants further averred that acting in good faith, as owners of said tract of land, they had incurred expenses to the amount of $400 in preliminary operations for the floating of timber to market, for which amount they prayed judgment in the event of eviction. Defendants also prayed for the dissolution of the said writs, with $150 damages for attorney’s fees.
[1] Plaintiff pleaded the prescription of three years under article 233 of the Constitution of 1898 against any and all attacks by the defendants on the validity of the tax title of the state of date June IS, 1892.
The case was tried, and there was judgment for the' plaintiff, recognizing his title to the land and cut timber, but rejecting his claim for damages. The defendants have appealed, and the plaintiff has joined in .the appeal, praying that the judgment below be amended by allowing him $300 damages for counsel fees and expenses and $200 punitory damages.
The tract sued for and other lands were assessed to W. F. Denegre on the tax rolls of 1891, and were adjudicated to the state of Louisiana on June 18, 1892, by T. L. Broussard, deputy sheriff and ex officio deputy tax collector, parish of St. Martin.
In June, 1895, all of said lands were transferred by the State Auditor in obedience to Act 97 of 1890 to the board of commissioners of the Atehafalaya levee district.
In November, 1900, the tract in dispute was conveyed, transferred, and quitclaimed to the plaintiff by said board, acting through its president and secretary, under the seal of the corporation; This deed acknowledged the receipt of the purchase price, and a memorandum indorsed thereon shows that the price had been previously paid. Plaintiff testified that he paid the price to the Register of the Land Office, the duly authorized agent of the board to make sales, and subsequently sent the Register’s receipt to the board, and in return received the patent or quitclaim above mentioned.
*1043 The objection by the defendants that the hoard did not expressly authorize its president to execute the quitclaim is without merit, as the board, having received the price, was bound to execute the title, and, the instrument being under the corporate seal, the presumption is that the officer was properly authorized. 10 Cyc. 944.
Defendants’ alleged title was obtained, in June, 1909, from W. D. Denegre, in the form of a sale for $100, “without warranty, even for the return of the $100.”
At the date of the tax sale in 1892 the tract of land stood in the name of W. D. Denegre. It appears to have been assessed to W. F. Denegre. An irregularity of this kind is cdred by the prescription of three years. Richards v. Fuller, 122 La. 847, 48 South. 285.
[2] The objection that the tax sale was not made by a competent officer is repelled by evidence that the deputy tax collector had been appointed and qualified about a month prior to the tax sale.
The plaintiff purchased in good faith, paid taxes on the land, and looked after it for & number of years. It was swamp timber land, and no one was in possession of it at the time of the tax sale. Defendants took possession in the latter part of the year 1909. Prescription ran in favor of the state and its assigns, in the absence of possession by the tax debtor. The constitutional prescription of three years expired in 1901, and as there was an assessment, and the property was liable for taxes, the title of the plaintiff thereupon became perfect as against the tax debtor, his heirs, and assigns.
We see no good reason to amend the judgment as to plaintiff’s demand for damages. Attorney fees cannot be recovered as damages in a case of this kind, and there is no basis for the claim of punitory damages.
Judgment affirmed.