(70 South. 500)

No. 21438.

MAISONNEUVE v. DALFERES (THIBODAUX et al., Interveners.).

In re Third Opposition of MERMENTAU SHINGLE MILL.

(Dec. 13, 1915. Rehearing Denied Jan. 10, 1916.)

*(Syllabus by the Court.)*

1. TAXATION ⬤⟹796—SALE FOR DELINQUENT TAXES—RESALE BY STATE—ATTACK ON VALIDITY.

The former owner of property that has been sold to the state for delinquent taxes, and sold by the state to a third party after the time for redemption has expired, has no interest in contesting the validity of the sale by the state to the third party if the tax sale to the state was valid, or if prescription has remedied the illegalities in the tax sale to the state.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1578–1581; Dec. Dig. ⬤⟹796.]

2. TAXATION ⬤⟹805 — PROPERTY SOLD FOR TAXES — POSSESSION OF ORIGINAL OWNER — "CIVIL POSSESSION"—LIMITATIONS.

It requires the actual physical possession, by the original owner of property that has been sold for taxes, to prevent the running of the prescription of three years in favor of the holder of the tax title. The fiction, called civil possession, resulting from the registry of the title of the original owner, will not suffice.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1593–1597; Dec. Dig. ⬤⟹805.]

3. TAXATION ⬤⟹805—TAX SALE—PURCHASER FROM STATE—ACTIONS—LIMITATIONS.

The prescription of three years runs in favor of the state as the adjudicatee at a tax sale, and inures to the benefit of a subsequent purchaser from the state.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1593–1597; Dec. Dig. ⬤⟹805.]

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Action by Rev. A. Maisonneuve against Max D. Dalferes, wherein Adolph Thibodaux and others intervened, and the Mermentau Shingle Mill filed a third opposition. From an adverse judgment, plaintiff appeals. Reversed and remanded, with directions.

Mouton & De Baillon, of Lafayette, and Borah, Himel & Bloch, of Franklin, for appellant. Medlenka & Bruner, of Crowley, and Jerome Mouton, of Lafayette, for appellees.

O'NIELL, J. The pleadings, facts, and questions of law presented in this case are precisely the same as are set forth in the opinion rendered this day in the case of Baldwin Lumber Co. v. Max D. Dalferes (No. 21437) 70 South. 493, ante, p. 507, except as stated hereafter.

The land described in the plaintiff's petition in this case is the south half of lots 5 and 6 in section 40, township 10 S., range 5 E.; whereas the north half of the same lots, that is, the portion situated in section 41, was claimed by the Baldwin Lumber Company in its suit. The same individual is defendant, the same warrantors claim lot 6, and the same firm, as third opponent, claims the cross-ties sequestered, and, in the alternative, asserts a lien on them.

In the suit of the Baldwin Lumber Company, the defendant's warrantors claimed title to the north half of lot 6 (in section 41) by virtue of a deed from Francois Moreau to the heirs of Claude Martin, dated the 28th of September, 1811, which was not recorded, but was numbered, filed, and indexed in the recorder's office. In this case, the same warrantors claim title to the south half of the same lot (in section 40) by virtue of a deed from Jean Charles Dugas to the heirs of Claude Martin, dated the 28th of June, 1817, which was not recorded, but was numbered, filed, and indexed, in the recorder's office. The mesne conveyances

from the heirs of Claude Martin down to the warrantors are the same in both cases.

The plaintiff obtained writs of injunction and sequestration, and the sheriff's returns are the same as in the Baldwin Lumber Company's case. The cross-ties sequestered in this case were also released on bond by the third opponent.

The title presented by the plaintiff in this case is as follows:

Section 40, township 10 S., range 5 E., was acquired by Jean Charles Dugas by patent from the United States, on the register's report No. 205, as appears in volume 3, p. 91, of the American State Papers. It was assessed in 1885 to the "unknown formerly representatives of J. C. Dugas," and was sold to the state for unpaid taxes on the 1st of May, 1886. The tax deed was properly recorded in the conveyance records on the 8th of May, 1886. The title was not redeemed, hence the property was sold by the state, and it was adjudicated to Alex Thibodaux and Charles S. Babin, Jr., on the 3d of June, 1889. The deed was properly recorded on the 24th of June, 1889. In the act of partition referred to in the Baldwin Lumber Company case, between Charles S. Babin and the widow and heirs of Alex Thibodaux, dated the 24th of July, 1901, the widow and heirs of Alex Thibodaux acquired the south half of lots 5 and 6 in section 40, and Charles S. Babin acquired the north half of the same lots, in section 41.

The plaintiff, Rev. A. Maisonneuve, acquired from Alexandre Pellerin, by purchase on the 15th of August, 1907, and by foreclosure of a mortgage on the 30th of September, 1911, the four-ninths interest which Pellerin had purchased from eight of the nine heirs, children of the deceased Alex Thibodaux. The plaintiff died after the trial of this case in the district court, and his vacant estate is represented here by George Greig, curator, and J. Raoul Pavy, attorney, of the absent heirs.

Adolph Thibodaux bought the half interest of the widow of Alex Thibodaux on the 3d of February, 1903, and has filed an intervention, asserting his interest, in this suit.

Gilbert Thibodaux, dative tutor of the minor children, Rex, Paul, Wade, Frederick, and Paula Dupuis, issue of the marriage of Carmelite Thibodaux and Paul Dupuis, has also intervened, asserting the claim of these children to the one-eighteenth interest which they inherited through their deceased mother, who was one of the nine children of Alex Thibodaux.

It is admitted by the representatives of the deceased plaintiff and of the interveners that Adolph Thibodaux has title to one-half, the succession of Rev. A. Maisonneuve has title to four-ninths, and the minor children of the deceased Carmelite Thibodaux Dupuis have title to one-eighteenth of the land in contest between them and the defendant's warrantors.

The defendant's warrantors urge the same causes of illegality of the plaintiff's and interveners' tax title that were urged against the tax sale of 1886 in the Baldwin Lumber Company's case, viz., that the land sold to the state, assessed in the name of the representatives of Jean Charles Dugas then belonged to the heirs of Claude Martin; and "that the requirements of the law as to notice of delinquency and advertisement were not complied with." They also contend that the sale by the state to Alex Thibodaux and Charles S. Babin, Jr., was invalid, because the adjudication was made for only $12.25½, when the amount of taxes and penalties due to the state was $12.30½.

The plaintiff and interveners filed pleas of prescription of three years in the district court, and the defendant and his warrantors have filed pleas of prescription of 10 and 30 years in this court.

There is an agreement signed by the counsel for all parties to this suit that the testimony and documentary evidence in the case of the Baldwin Lumber Company v. Max D. Dalferes (No. 21437) 70 South. 493, ante, p. 507, shall be considered in this case.

The judgment rendered in this case recognizes the defendant's warrantors to be the owners of lot No. 6 of the partition among the heirs of Claude Martin, deceased; condemns the representatives of the succession of Rev. A. Maisonneuve, deceased, to pay $1,000 damages to the Mermentau Shingle Mill, third opponent, that is, $500 for the worry, expense, and loss of time occasioned by the sequestration of the cross-ties, and $500 for attorney's fees incurred in dissolving the writs. The judgment dissolves the writs of sequestration and injunction, reserves to the defendant his right to sue the representatives of the succession of Rev. A. Maisonneuve, deceased, for damages, and rejects the demands of the plaintiff and interveners at their cost.

[1-3] For the reasons assigned in the opinion rendered to-day in the case of the Baldwin Lumber. Co. v. Max D. Dalferes (No. 21437) 70 South. 493, ante, p. 507, our conclusion is that the plaintiff's and interveners' plea of prescription of 3 years must prevail, and it is therefore maintained; and for the reasons there assigned—

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the succession of Rev. A. Maisonneuve, deceased, be recognized as the owner of the four-ninths interest in the south half of lots 5 and 6, in section 40, township 10 S., range 5 E., that Adolph Thibodaux be recognized as the owner of the one-half interest in said land, and that the minors, Rex, Paul, Wade, Frederick, and Paula Dupuis, children of Carmelite Thibodaux Dupuis, deceased, be recognized as owning the one-eighteenth interest in said land; that the injunction issued herein be perpetuated; that this case be remanded to the district court to hear evidence only as to the quantity of timber cut by the defendant from the. land above described after Rev. A. Maisonneuve acquired title to it, and to determine the amount of compensation due therefor to his succession. The defendant and his warrantors herein are condemned in solido to pay all the costs of this suit.