Caillouet & Caillouet, of Thibodaux, for appellee.

DAWKINS, J. Plaintiff sued the defendant for the sum of $2,400 as for a year's salary as chief engineer of its sugar factory, claiming that his employment began on the 26th day of April, 1911. The suit was filed on February 7, 1912, and no credit whatever was given in the petition for monthly payments of $200 each, made at the beginning of each month for the month preceding, up to and including November, 1911. As a matter of fact, however, on the trial it was not disputed that these payments had been made, and the canceled vouchers were produced and filed in evidence. It became apparent, therefore, that more than half of the amount claimed was fictitious, and admittedly not due; so that the sum in dispute is much less than $2,000. True, no motion to dismiss on this ground has been made, but we are compelled to notice on our own motion that this court is without jurisdiction, ratione materiæ, to pass upon the matter. Const. 1898, art. 85.

It is therefore ordered, adjudged, and decreed that this case be, and the same is hereby, transferred to the Court of Appeal, First Circuit, to be there disposed of according to law; the costs of this appeal to be paid by the appellant; the other costs to await the final judgment.

---

(82 South. 366)

No. 21895.

HART LAND & IMPROVEMENT CO., Limited, v. KELLY'S HEIRS et al.

(June 2, 1919.)

*(Syllabus by Editorial Staff.)*

1. PLEADING ⊕⇒8(6) — CONCLUSIONS — INVALIDITY OF TAX SALE.

Petition in action to annul tax sale alleging that sale was "null ab initio" because no valid assessment was made against plaintiff and no valid advertisement of sale "was made in the official paper of the parish" would be too vague to deserve consideration, even if Const. art. 233, were inapplicable, as allegations amounted to no more than that assessment and advertisement were invalid or illegal, which conclusion could not be intelligently reached without knowing any facts on which it might be based.

2. TAXATION ⊕⇒805(3)—ANNULMENT OF TAX SALE—LIMITATION.

In such action a complaint that no notice of delinquency was sent to plaintiff was not a ground excepted from Const. art. 233, barring such an action to annul a tax title for any cause except on proof of dual assessment or of a previous payment of tax for which property was sold, unless suit is brought within three years from registry of tax deed.

3. TAXATION ⊕⇒796(1)—ACTION TO ANNUL TAX SALE—TITLE.

In action to annul a tax sale, grounds of petition that no notice of sale was sent to plaintiff by purchaser at sale, that purchaser took no action to quiet his title after the year allowed for redemption had expired, and that no action was taken to quiet tax title at expiration of the three years mentioned in Const. art. 233, had no application whatever to the validity of the title.

4. TAXATION ⊕⇒805(4)—ACTION TO ANNUL SALE—TIME—POSSESSION.

Possession by purchaser at a tax sale is not necessary to give effect to Const. art. 233, relating to prescription, etc.

5. TAXATION ⊕⇒809(2)—ANNULMENT OF TAX DEED—PRESCRIPTION.

The allegation in the petition to annul a tax sale that plaintiff was "divested of possession" by the tax sale recorded more than three years before the suit was filed disclosed that the action was barred by prescription under Const. art. 233.

Appeal from Second Judicial District Court, Parish of Bossier; John N. Sandlin, Judge.

Action to annul a tax sale by the Hart Land & Improvement Company, Limited, against the heirs of B. A. Kelly and others. Exception of no cause of action and plea of prescription sustained, and suit dismissed, and plaintiff appeals. Affirmed.

Edwin W. Doran, of Ruston, and Otis W. Bullock, of Shreveport, for appellant.

Joannes Smith, of Benton, for appellees.

O'NIELL, J. This is an action to annul a tax sale of plaintiff's land. It appears from the allegations of the petition that the sale was made and recorded nine years before the suit was filed, and that plaintiff was "divested of possession." Plaintiff alleged that the sale for taxes was "null ab initio," for the reasons: (1) that no valid assessment was made against plaintiff; (2) that no notice of delinquency was sent to plaintiff; (3) that no notice was sent to plaintiff by the purchaser at the tax sale; (4) that no action was taken by the purchaser at the tax sale to quiet his title after the year allowed for redemption had expired; (5) that no action was taken to quiet the tax title at the expiration of the three years mentioned in article 233 of the Constitution; and (6) that no valid advertisement of the property for sale for taxes "was made in the official paper of the parish."

The defendants, heirs and transferees of the party who had purchased the property at the tax sale, filed an exception of no cause or right of action and a plea of prescription of three years. The exception and plea, being submitted for decision on the face of the pleadings, were sustained, and plaintiff's suit was dismissed. Plaintiff appeals.

#### Opinion.

[3] The first and the sixth reason assigned by plaintiff for expressing the opinion that the tax sale was "null ab initio" would be too vague to deserve consideration, even if article 233 of the Constitution were not applicable, because to allege that there was no valid assessment of the property nor valid advertisement in the official journal was no more than to say that the assessment of the property and the advertisement in the official journal were invalid or illegal—a conclusion which could not be reached intelligently without knowing any fact upon which it might be based. The second complaint, that no notice of delinquency was sent to plaintiff, is not—nor would the first or sixth complaint be if they were founded upon allegations of fact—excepted from the provisions of article 233 of the Constitution, barring an action to annul a tax title for any cause except on proof of dual assessment or of previous payment of the taxes for which the property was sold, unless the suit to annul be brought within three years from the date of registry of the tax deed. The third, fourth and fifth reason assigned in the petition, for declaring the tax title null, have no application whatever to the question of validity of the title.

[4, 5] To the argument in appellant's brief that it does not appear from the pleadings that the purchaser at the tax sale has had possession of the property the answer is that possession on the part of one who has bought property at a tax sale is not necessary to give effect to article 233 of the Constitution. The admission or allegation in the petition that plaintiff was "divested of possession" by the tax sale recorded more than three years before the suit was filed discloses that the action is barred by prescription.

The judgment appealed from is affirmed.