*695
 
 ROGERS, X
 

 This is a petitory action for a tract of land, in the parish of Oaddo — the southwest quarter of the northwest quarter of section 20, township 17 north, range 14 west. The court below maintained the action, and defendants have appealed.
 

 Plaintiff claims under the following muniments of title, viz.: United States to James Marks (patent); James Marks to Thomas Simpson (deed); Thomas Simpson to Thomas D. Gary (exchange); heirs of Thomas D. Gary to Samuel N. Pickens (tax sale); Samuel N. Pickens to Mary J. Pickens, his wife, and Samuel B. Pickens, his son (will and inheritance) ; Mary X Pickens to Samuel B. Pick-ens (deed).
 

 Defendants, in their answer, alleged their possession as owners, and pleaded the prescription of 30 years in bar of plaintiff’s action. They also averred the nullity of the tax sale to Samuel N. Pickens, on the ground that no notice of tax delinquency had been delivered or sent to the owner of record of the property. As against defendants’ attack on the tax sale, plaintiff set up the constitutional prescription of three years.
 

 Our conclusion is that plaintiff’s title to the property in controversy is valid. Defendants’ plea of prescription was not sustained by the evidence. Their attack on the legality of the tax sale cannot be considered, because it is barred by the prescription invoked by plaintiff.'
 

 Defendants argue that, since plaintiff was never in possession, he cannot successfully interpose the plea. The argument is not sound. Under our jurisprudence, it is only when the tax debtor is in actual corporeal possession of the-property, or in cases of dual assessment or, prior- payment of the ta^es, that the prescription will not run in favor of the holder of the tax, title. It is applicable in all other eases. Here the tax debtors were not in possession of the property, and they are not before the court contesting the tax title.
 

 For the reasons assigned, the judgment-appealed from is affirmed at the cost of the appellants.