### BYRNE v. COMMERCIAL SECURITY CO.

<hr>

(March 12, 1928. Opinion and Decree.)

<hr>

(*Syllabus by the Court*)

1. **Louisiana Digest—Taxation—Par. 338, 341, 377, 378, 383.**

No sale of property for taxes shall be set aside for any cause unless the proceeding to annul is instituted within three years from the date of registry of the tax deed, except on proof of dual assessment, or of payment of the taxes for which the property was sold prior to the tax sale, or if the tax debtor was in the actual possession of the property sold, or if the formalities preceding the tax sale were radically null.

2. **Louisiana Digest—Taxation—Par. 338, 341, 377.**

Want of notice, or want of sufficient advertisement, or an assessment in the name of one not the owner of the property do not constitute radical nullities and are prescribed by three years.

3. **Louisiana Digest—Taxation—Par. 341, 345, 378.**

It is not necessary for the tax purchaser to take possession; it suffices that the original owner or tax debtor be not in possession.

4. **Louisiana Digest—Taxation—Par. 341, 377.**

Prescription begins in favor of the tax purchaser with the civil possession ac-

quired by the registry of his title in the conveyance office.

**5. Louisiana Digest—Taxation—Par. 377; Prescription—Par. 18.**
The prescription of three years is not a prescription acquirendi causa, but one liberandi causa. (Relating to tax titles.)

**6. Louisiana Digest—Taxation—Par. 378.**
Possession by any other than the original owner will not suspend prescription.

Appeal from the Civil District Court, Division "E". Hon. W. H. Byrnes, Judge

Action by Mrs. Harry H. Byrne against Commercial Security Co., Ltd.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

James B. Rosser, Jr., of New Orleans, attorney for plaintiff, appellant.

W. Winans Wall, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. Plaintiff sues for the nullity of a tax sale. Her suit was filed June 4th, 1924.

She alleges that she is the owner in actual physical possession of a lot of ground with the improvements thereon situated in this city in the square bounded by Melpomene, Thalia, Constance and Annunciation streets, measuring 31'11"5'" front on Melpomene by 136' deep on the side line towards Constance street and about 117'6" deep on the other side line towards Annunciation street by 36'1"6'" wide on the rear line, according to a sketch of L. Fremaux, Surveyor, dated April 29th, 1869, purchased by her from Widow Thomas Butz by act of Wm. J. Castell dated June 7th, 1884, Reg. C. O. Bk. 118, p. 609.

That the Commercial Security Company, defendant herein, claims to be the owner of said property for having purchased the same at a sale made by the state tax collector on August 7th, 1920, for the state tax of 1919 assessed in the name of Mrs. Thomas Butz according to an act before John P. Sullivan dated October 22nd, 1920, registered in the conveyance office on the same day in book 325, p. 475.

It thus appears that this suit was filed by the owner against the purchaser at tax sale three years, seven months and twelve days after the registry of the tax sale in the conveyance office.

The plaintiff further alleges that said act of sale is null for the two reasons: "1st, that the notice required by the constitution and laws of the state then in force were not given her preceding said tax sale, and 2nd, that said tax sale was not advertised for thirty days as required by the laws of the state".

She prays for judgment in her favor annulling said tax sale.

The defendant admitted that it was the owner of the property for having purchased it at tax sale as alleged, but denied all the other allegations of the petition.

Further answering defendant alleged that since the tax sale and the registry of the act of sale it has had possession of the property and that plaintiff has been entirely without any possession thereof and therefore plaintiff's suit is barred by the prescription of three years under the constitution of this state, and it prays for the dismissal of the suit.

By a supplemental petition plaintiff alleged that her property was illegally assessed in the year 1919 in the name of "Mrs. Thos. Butz", who was not then the owner thereof.

The defendant filed a general denial to this supplemental petition.

There was judgment in favor of defendant, rejecting plaintiff's demand.

The plaintiff moved for a new trial on the ground of newly discovered evidence. The new trial was refused. The newly discovered evidence consisted in the testimony of six witnesses "that after the fall and the removal of the old fence erected on the lot facing Melpomene street, between Annunciation and Constance streets, in this city, being the property in controversy herein, by Mrs. Mary Creigh Byrne, plaintiff herein or her authors in title, that the said property remained unenclosed from the time of the spring of 1918, until a fence was built across the front of said lot in the spring or summer of 1923 (one of said witnesses, Mrs. Lotz, fixing the time in June or July of the year 1923), and that said fence fell or was torn down by boys of the neighborhood, or another fence was erected across the front of said lot and same is unenclosed in front at the present time; the witness, Dr. B. F. Gallant, will testify that he caused a fence consisting of five posts and five boards about six or seven feet in height to be erected across the front of said lot in July, 1923, that said fence was standing in September, 1923, when St. Luke's Private Sanitarium was sold and he removed from that neighborhood; that the witnesses, Mrs. V. T. Crawley and Mrs. Margaret O'Brien Collins, will corroborate the above testimony of Dr. Gallant".

The new trial was refused, and rightly so. It was based upon the assumption that the plaintiff, the purchaser at tax sale, must show possession in himself in order to avail himself of the prescription of three years, an assumption which was not warranted by Article 233 of the Constitution of 1898 and the numerous decisions of our Supreme Court interpreting the article.

The defendant appealed.

The testimony of Mr. Sol Weiss, agent and attorney of the plaintiff, establishes that he caused the improvements on the lot to be demolished and the materials and debris removed in November, 1917.

The attorney for plaintiff herein testified that he visited the lot the day before the trial of this case. He said: "The lot is enclosed on three sides by fences, that is, two side lines and the rear, no fence in front; * * * there is nothing on the lot in the way of any buildings or sheds." He further stated "that after the decay of the old fence on the front of the lot in controversy, that the only other fence that was ever erected on the front of said lot was a fence erected by Dr. B. F. Gallant, and that there was no fence on the front of said property on October 20th, 1924, nor is there now any fence on the front of said property". He further stated that he expected to prove by the witness, Mrs. Collins, that the only fence erected on the front of said lot after the disappearance of the old fence erected by Mrs. Byrne or her authors in title was the fence erected by Dr. B. F. Gallant, while operating the sanitarium at the corner of Annunciation and Melpomene streets which immediately adjoins the lot in controversy."

L. E. Konrad, president of defendant company, testified that he visited the lot immediately after the tax sale to it, there was no fence in front, it was vacant; he had a fence built upon the front twice; there were property fences on the other sides.

Philip G. Veith is employed by the witness, Konrad; he takes charge of properties bought by him for taxes; he saw this lot

right after the sale; it was vacant; he caused a rail fence to be built in front of the lot; he put up sale signs upon the lot several times; defendant paid the city taxes for the years 1918, 1919 and 1922.

J. A. Bloom put up a rail fence in front of the lot in 1921 for defendant; there was nothing on the lot, no front fence; it was a vacant lot.

Article 233 of the constitution of 1898 provided that: "No sale of property for taxes shall be set aside for any cause except on proof of dual assessment, or of payment of the taxes for which the property was sold prior to the date of sale, unless the proceeding to annul is instituted within three years from the date of recordation of the tax deed as to sales made hereafter, if no notice is given."

The decisions affirming the validity of this article have too firmly imbedded the jurisprudence on this point to be disturbed at this late day, beginning with the leading case of Ashley vs. Bradford decided by Judge Blanchard in 1902 and reported in 109 La. 642, whether the formalities of the law preceding the tax sale were complied with or not.

The illegalities of the tax sale charged by plaintiff are three: want of notice, want of sufficient advertisement, and assessment in name of a person not the owner.

The want of notice was the defect in the following cases: In re Lockhart, 109 La. 741, 33 South. 753; Terry vs. Heisen, 15 La. 1070, 40 South. 461; Little River Lumber Co. vs. Thompson, 118 La. 285, 42 South. 938; Holland's Heirs vs. Southern State Land & Timber Co., 124 La. 407, 50 South. 436; In re Quaker Realty Co., 127 La. 210, 53 South. 526; In re Valloft, 155 La. 827; Canal-Commercial Trust &

Savings Bank vs. Employers' Liabiliay Assur. Corporation of London, Eng., 155 La. 827; — South. 542; Griffing vs. Taft, 151 La. 447, 91 South. 832; Winn Parish Bank vs. White Sulphur Lumber Co., 133 La. 282, — South. 907; Page vs. Loeffler, 146 South. 194; Atchafalaya Land Co. vs. Williams Cypress Co., 84 South 351; Hart Land & Improvement Co. vs. Kelly's Heirs, 145 La. 349, 82 South. 366.

The want of advertisement in the following cases: Holland's Heirs vs. South. States Land & Timber Co., 124 La. 407, 50 South. 436; Grandchampt vs. Administrator of Succession of Bills, 124 La. 119, 49 South. 998; Griffing vs. Taft, 151 La. 447, 91 South. 832.

Assessment, in the name of one not the owner in the following cases: Ashley Co. vs. Bradford, 109 La. 649, 33 South. 634; In re Lockhart, 109 La. 741, 33 South. 753; Corkran Oil & Develop. Co. vs. Arnaudet, 111 La. 584, 35 South. 747; Terry vs. Heisen, 115 La. 1070, 40 South. 1461; Crillen vs. New Orleans Terminal Co., 117 La. 349, 41 South. 645; Little River Lumber Co. vs. Thompson, 118 La. 285, 42 South. 938; Lavedan vs. Choppin, 119 La. 1056, 44 South. 886; Holland's Heirs vs. Southern State Land, 124 La. 407, 50 South. 436; In re Quaker Realty Co. (In re Valloft), 127 La. 210, 53 South. 526; Norgress vs. E. B. & S. P. Schwing, 128 La. 1043, 55 South. 667; Quaker Realty Co. vs. Purchell, 134 La. 1024, 64 South. 894; Griffing vs. Taft, 151 La. 447, 91 South. 832; Manade vs. Brown, 146 La. 888, 84 South. 170; Atchafalaya Land Co. vs. William Co., 166 La. 1047, 84 South. 351; Hart Land & Imp. Co. vs. Kelly's Heirs, 145 La. 349, 82 South. 366.

Also Corkran Oil & Dev. Co. vs. Arnaudet, 111 La. 563, 35 South. 747; Armstrong vs. Progressive Realty Co., 128 La. 730, 55

South. 334; Griffing vs. Taft, 151 La. 449, 91 South. 832; 1 Orl. App. 99-213-229; 2 Orl. App. 272; 6 Orl. App. 220; 7 Orl. App. 190.

These informalities were held covered by Article 233.

Article 233 is a peremption rather than a prescription. Hollingsworth vs. Schanland, 155 La. 832, 99 South. 613.

Jurisprudence. has added two exceptions to the operation of prescription under Article 233.

Those are: 1st, when the nullities of the tax sale are radical or the description of the property insufficient. Gouaux vs. Beaullieu, 123 La. 692, 49 South. 285; Fellman's Heirs vs. Interstate Land Co., 163 La. 529, 112 South. 405; In re Aztec Land Co. (In re Dupuy), 147 La. 672, 85 South. 634.

This exception does not apply in this case, as we have seen by the decisions just quoted that want of notice, insufficient advertisement, and assessment in the name of one not the owner are not radical nullities and may be cured by the prescription of three years.

The second is when the original owner or tax debtor at the time of the tax sale was in the real, natural, physical, or corporeal possession of the property sold, C. C. 3427-3428-3429, and so remained until the filing of the suit against him. It is a badge of ownership and no prescription runs against the owner. His possession is a continuous protest against the tax title and interrupts the prescription of three years. Carey vs. Cagney, 109 La. 82, 33 South. 89; Ashley Co. vs. Bradford, 109 La. 641, 33 South. 634; Koen vs. Martin, 110 La. 242, 34 South. 429; Koen vs. Martin, 110 La. 246, 34 South. 429; Pomeroy vs. McFarlain, 110 La.

338, 34 South. 467; In re Seim, 111 La. 555, 35 South. 744; In re Seim, 111 La. 562, 35 South. 744; Slattery vs. Kellum, 114 La. 288, 38 South. 170; Posey vs. Ducros, 115 La. 359, 39 South. 26; Lisso & Bro. vs. Giddens, 117 La. 507, 41 South. 1029; Bartley vs. Sallier, 118 La. 93, 42 South. 657; Little River Lumber Co. vs. Thompson, 118 La. 284, 42 South. 938; In re Sheehy, 119 La. 609, 44 South. 315; Huntington vs. Westerfield, 119 La. 615, 44 South. 317; Lavedan vs. Choppin, 119 La. 1058, 44 South. 886; Armstrong vs. Progressive Realty Co., 128 La. 727, 55 South. 334; Norgress vs. E. B. & S. P. Schwing, 128 La. 1040, 55 South. 667; Quaker Realty Co. vs. Purchell, 134 La. 1022, 64 South. 894; Hirst vs. Xeter Realty, 138 La. 401, 70 South. 339; Xeter Realty Co. vs. Basler, 140 La. 891, 74 South. 185; Bradley vs. City of New Orleans, 153 La. 281, 95 South. 718; 163 La. 529; Pickens vs. Dellinger, 161 La. 694, 109 South. 391; Pierson vs. Castell & Harbor Co., 159 La. 168, 105 South. 274; Charbonnet vs. State Realty Co., 155 La. 1044, 99 South. 865; Bonvillain vs. Richaud, 153 La. 435, 96 South. 21; Flanagan vs. Land Develop. Co., 145 La. 843, 83 South. 39; Adsit vs. Park, 144 La. 934, 81 South. 430.

The burden of proof of possession is upon the owner tax debtor. Quaker Realty Co. vs. Purcell, 131 La. 496, 59 South. 915.

It is abundantly established by all that precedes and especially by the motion for a new trial, and by the testimony of Dr. Gallant, Konrad, Veith, and Sol Weiss, plaintiff's former attorney and agent, that plaintiff was not in the actual, physical possession of the lot at the time of the tax sale and never afterwards. The testimony of Sol Weiss is that he caused the improvements upon the lot to be demolished and removed in 1917 and that he never afterwards exercised any right of ownership over the lot. If the plaintiff's

possession continued after 1917 it was purely civil, C. C. 3429, and continued in her by a fiction of law under Article C. C. 3442. But that civil possession was taken away from her by the tax sale. C. C. 2479 (2455); "The law considers the tradition or delivery of immovables as always accompanying the public act, which transfers the property."

The property being vacant, possession resulted from the registry of the title. 2 Orl. App. 277.

"The law recognizes possession as following the registry of the title without any actual occupation of the property bought. This is called civil or constructive possession as contradistinguished from natural or corporeal possession, and suffices to maintain the prescription of three years." Ashley Co. vs. Bradford, 109 La. 653, 33 South. 634; Slattery vs. Kellum, 114 La. · 288, 38 South. 170; Hirst vs. Xeter Realty, 138 La. 398, 70 South. 339; State vs. Celestin, 138 La. 407, 70 South. 342; 1 Orl. App. 213; 7 Orl. App. 190.

The word "sale" means a complete sale which vests a "color of title" in the purchaser. Ashley Co. vs. Bradford, 109 La. 657, 33 South. 634; Posner vs. Southern Exhaust & Pipe Co., 109 La. 658, 33 South. 641; Corkran Oil & Develop. Co. vs. Arnaudet, 111 La. 586, 35 South. 747.

But if more is required, Konrad & Veith, the agents of the defendant, testified that they followed the civil possession given by the tax sale by the natural, actual possession, and built a fence in the front part of the lot. This testimony was not offered for the purpose of showing possession in defendant, but for negativing actual and even civil possession in plaintiff.

It was not necessary for the defendant to show possession in itself. The prescription of three years under Article 233, unlike the prescription of ten years, is not a prescription, acquirendi causa; it is flatly a prescription liberandi causa; it is a bar to an action. Prater vs. Craighead, 118 La. 628 (639), 43 South. 258; Hirst vs. Xeter Realty, 138 La. 399, 70 South. 339.

For that reason it is not essential that the tax purchaser should take actual possession of the property purchased by him. His possession during three years is not the foundation of his title. It is the absence of possession by the former or original owner or tax debtor, which prescribes the right of said tax debtor to question the validity of the sale. Possession by the tax purchaser is not essential to his acquiring title by the prescription of three years liberandi causa. Hirst vs. Xeter Realty, 138 La. 399, 70 South. 339; Lavedan vs. Choppin, 119 La. 1059, 44 South. 886; Pickens vs. Dellinger, 161 La. 694, 109 South. 391; Tensas Delta Land Co. vs. Anders, 158 La. 98, 103 South. 522; Crutchfield vs. Moch, 156 La. 211, 100 South. 401.

Prescription enures to the benefit of the tax purchaser when neither he nor the former owner is in possession. Lavedan vs. Choppin, 119 La. 1056, 44 South. 886; Norgress vs. E. B. & S. P. Schwing, 128 La. 1043, 55 South. 667; Quaker Realty Co. vs. Purcell, 134 La. 1024, 64 South. 894.

Civil possession not preceded by corporeal possession is sufficient to support the prescription of the tax ,title, when there is no actual possession by the tax debtor. 7 Orl. App. 190.

"It requires the actual physical possession of the original owner of the property sold for taxes to prevent the running of the prescription of three years in favor of the holder of the tax title. The fiction called civil possession resulting from the registry of the title of the original owner will not suffice." Baldwin Lumber Co. vs. Dalferes, 138 La. 508, 70 South. 493;

Maison Neuve vs. Dalferes, 138 La. 527, 70 South. 500.

While constructive or civil or legal possession as contradistinguished from actual corporeal possession may not suffice to acquire property by prescription, it is a sufficient foundation to support the prescription of three years under Article 233 of the constitution, when there is no actual or corporeal adverse possession by the tax debtor. Ashley Co. vs. Bradford, 109 La. 642 (654), 657, 33 South. 634; Lavedan vs. Choppin, 119 La. 1058, 44 South. 886.

Plaintiff contends, however, that the actual possession of the plaintiff was maintained by the act of Dr. Gallant in erecting a fence in front of the lot. This is an error. Gallant was not acting as the agent of the plaintiff or for her benefit. He acted in self protection for himself to guard against the nuisance to him of the vacant lot next to him.

It makes no difference who acted as owner of the lot or who was in possession of it, as long as it was not the former owner. The rights of the tax purchaser could be suspended only by the actual possession of the former owner himself, or of some one for his account. Slattery vs. Kellum, 114 La. 288, 38 South. 170; Crillen vs. New Orleans Term., 117 La. 349, 41 South. 645; Prater vs. Craighead, 118 La. 628, 43 South. 258.