No.——

First Circuit

———

WAECHETER, ET ALS., v. SEGHERS, ET ALS.

———

(June 12, 1928.   Opinion and Decree.)

———

(*Syllabus by the Editor*)

1. Louisiana Digest—Taxation—Par. 377, 378, 381; Pleading—Par. 62.

It is only when the tax debtor is in actual corporeal possession of the property, or in cases of dual assessment or prior payment of taxes that the prescription will not run in favor of the holder of the tax title. Therefore, petition in suit to annul a tax sale over three years previous which does not state either one of these exceptions does not state a cause of action.

Appeal from the Parish of St. Tammany. Hon. Prentiss Carter, Judge.

Action by Mrs. Josephine Waecheter, widow of P. J. McMahon, et als., against R. Seghers, et als.   .

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

A. J. Finney, of Covington, and McCloskey and· Benedict, of New Orleans, attorneys for plaintiffs, appellants.

Miller and Heintz, of Covington, attorneys for defendants, appellees.

MOUTON, J.   This suit against defendants is for the annulment of a tax sale.

An exception of no cause or right of action, and the constitutional prescription of three years are urged as the defense, which were maintained. Plaintiffs appeal from the judgment dismissing their suit.

They allege that they acquired the land they are claiming by inheritance from Peter J. McMahon who had purchased it in 1914 from John C. Dodt and H. J. Roberts. They aver that under an assessment of the land in the name of R. J. McMahon for the taxes for the year 1922 the property was on the 30th day of June, 1923, adjudicated at tax sale to R. Seghers who transferred it by act of sale to Alex E. Maier on the 27th. of July, 1926. It therefore appears from the allegations of the petition that more than three years had elapsed from the date Seghers, the tax adjudicatee, had bought, to the execution of the sale by him to Alex E. Maier. This action was brought on December 27, 1927, more than four years after the property had been transferred by tax sale to Seghers, author of Maier. It also appears from the copies of the sale to Seghers and Maier which are made part of plaintiff's petition, that the former was recorded August 8, 1923, and the latter on August 25, 1926.

The prescription of three years began to run from the recordation of the sheriff's tax deed to Seghers. Gilmore vs. Frost-Johnson Lbr. Co., 139 La. 354, 71 So. 536; Macleod vs. Hoover, 159 L. 244, 105 So. 305; Const., 1921, Art. 10, Sec. 11. The only way the current of prescription could have been suspended was by the continued possession of Peter J. McMahon, the tax debtor, his heirs or assigns. Norgress vs. E. B. & S. P. Schwing, 128 L. 1040, 55 So. 667; Bonvillian vs. Richaud, 153 La. 431, 96 So. 21.

The petition is barren of any averment that the tax debtor, his heirs or assigns had remained in possession after the tax sale. It is therefore obvious that the prescription period of three years had elapsed when this suit was instituted.

Counsel for plaintiff contends that the tax sale was null for the following reasons:

(a) Peter J. McMahon, the tax debtor, did not receive notice of delinquency.

(b) The property was advertised in the name of R. J. McMahon instead of P. J. McMahon, the owner.

(c) The least quantity of the land for which any bidder would buy for the amount of taxes, interest and costs, was not offered, and sold to the last and highest bidder.

All such nullities and irregularities are cured by the prescription of three years. This rule has been uniformly applied in tax adjudications under the constitutions of 1898, 1913, 1921. Winn Par. Bank vs. White Sulphur Lbr. Co., 133 La. 282, 62 So. 907; 6 Orl. App. 214; Nebraska-Tensas Co. vs. Moritz, 157 La. 174, 102 So. 195; Yates vs. Tessier, 5 La. App. 214. It is only when the tax debtor is in actual corporeal possession of the property, or in cases of dual assessment or prior payment of taxes that the prescription will not run in favor of the holder of the tax title. It is applicable in all other cases. Pickens vs. Dellinger, 161 La. 694, 109 So. 391. There are no allegations in plaintiffs' petition to bring their case within any of these exceptions and their suit was therefore properly dismissed as the three years prescription had fully accrued when their demand was made to annul the tax deed in question.